UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

-------------------------------------------------------------X

PAYARC LLC,

                    Plaintiff,                  Civ. Case. No. 1:25CV24526

    -against-

MOOCHO, INC. d/b/a PEPPER and
MATTHEW LEVENSON, individually,

                    Defendants.

-------------------------------------------------------------X

## COMPLAINT

Plaintiff Payarc LLC ("Plaintiff"), for its Complaint against defendants Moocho, Inc. d/b/a Pepper ("Moocho") and Matthew Levenson, individually ("Levenson" and together with Moocho, the "Defendants"), alleges as follows:

### Nature of the Action

1. This action arises from Defendants' breach of certain contracts dated July 25, 2024 ("2024 Contract") and April 3, 2025 ("2025 Contract", and together with the 2024 Contract, the "Contracts") for overdue fees owed to Plaintiff.

2. As originally contemplated and memorialized in the Contracts, Moocho is a merchant that allows consumers to buy gift cards for national retailers.

3. Moocho's gift cards are sold to consumers in North America.

4. Consumers are charged for the gift cards at the time they place an order.

1

5.     Plaintiff agreed to process credit card payments on behalf of Moocho on the terms and conditions set forth in the Contracts and Defendants agreed to pay to Plaintiff the fees set forth therein.

6.     Plaintiff complied with all applicable terms set forth in the Contracts, including but not limited to providing notice of default consistent with the Contracts, and has otherwise performed under the Contracts.

7.     Defendants have not cured their default and have materially breached the Contracts.

8.     The Contracts contained a personal guarantee executed by Levenson, in his individual capacity, as guarantor in the event of breach.

9.     Plaintiff is entitled to damages under the Contracts, in an amount to be proven at trial, but in any event not less than $440,842.33 for any and all injuries, damages, claims, losses, expenses, or claimed expenses (including attorneys' and expert witnesses' fees) arising out of these Contracts.

## **The Parties**

10.     At all relevant times mentioned herein, Plaintiff was and is a limited liability company existing under the laws of the State of Delaware, with a principal place of business at 411 West Putnam Avenue, Suite 340, Greenwich, Connecticut 06830.

11.     Upon information and belief, and at all relevant times mentioned herein, Moocho was and is a company incorporated and existing under the laws of the State of Delaware, with a principal place of business at 1815 Purdy Avenue, Miami Beach, Florida 33139.

12.     Upon information and belief, and at all relevant times mentioned herein, Matthew Levenson was and is an individual with an address at 4708 Alton Road, Miami Beach, Florida 33140.

## Jurisdiction and Venue

13.     This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this dispute is between citizens or subjects of different States.

14.     Venue is proper in this Court under 28 U.S.C. §1391 because Defendants conduct business within this District, and a substantial part of the events or omissions giving rise to the claim occurred therein.

## Factual Allegations

15.     Plaintiff is an industry-leading payment processing platform, providing a one-stop solution for businesses to accept payments from merchants online, using tech-first innovation, analytics, and a personalized approach to increase clients' revenue and help clients streamline operations (the "Payment Processing Services").

3

16.     On or around July 25, 2024, Plaintiff and Defendants entered into the 2024 Contract for purposes of providing Payment Processing Services. A copy of the 2024 Contract is attached hereto and made a part hereof as **Exhibit 1**.

17.     On or around April 3, 2025, Plaintiff and Defendants entered into the 2025 Contract for purposes of providing Payment Processing Services. A copy of the 2025 Contract is attached hereto and made a part hereof as **Exhibit 2**.

18.     In both Contracts, Matthew Levenson is listed as the owner of Moocho, and as of the date of this pleading, he is listed publicly as the "Chief Executive Officer" of Moocho on the "Meet Pepper" page of their website. *See* <*https://gopepper.com/meet-pepper/*> *accessed September 12, 2025*.

19.     Via secure DocuSign, on July 25, 2024, as "Owner", Matthew Levenson signed (or initialed) the 2024 Contract at all relevant instances, when signature was required on behalf of Moocho. *See* **Ex. 1** at pp. *3-7 (at "3. Bank Disclosure"; "4. Merchant Application and Agreement Acceptance"; "6. Corporate Resolution"; "Schedule D – Moto/Internet Questionaire"; "II. Certification of Beneficial Owner(s)").

20.     Also via secure DocuSign, on July 25, 2024, Matthew Levenson signed the "5. Continuing Personal Guaranty Provision – Personal Guarantor", which provides as follows:

> By signing below, each ***individual*** or entity ("Guarantor") jointly and severally (if there is more than one Guarantor) and ***unconditionally***

*guarantees to ISO and Bank the prompt payment and full and complete performance of all obligations of the Merchant identified above under the Merchant Agreement*, as amended from time to time, including, without limitation, all promises and covenants of the Merchant, and *all amounts payable by the Merchant under the Merchant Agreement, including, without limitation, charges, interest, costs and other expenses, such as attorney's fees and court costs*. This means, among other things, that ISO or Bank can demand performance or payment from any Guarantor if the Merchant fails to perform any obligation or pay what the Merchant owes under the Merchant Agreement. Each Guarantor agrees that his or her liability under this guaranty will not be limited or canceled because: (1) the Merchant Agreement cannot be enforced against the Merchant for any reason, including, without limitation, bankruptcy proceedings; (2) either ISO or Bank agrees to changes or modifications to the Merchant Agreement, with or without notice to Guarantor; (3) ISO or Bank releases any other Guarantor or the Merchant from any obligation under the Merchant Agreement;(4) any law, regulation, or order of any public authority affects the rights of either ISO, Merchant, or Bank under the Merchant Agreement; and/or (5) anything else happens that may affect the rights of either ISO or Bank against the Merchant or any other Guarantor. Each Guarantor further agrees that: (a) ISO and Bank each may delay enforcing any of its rights under this Guaranty without losing such rights and hereby waives any applicable Statute of Limitations; (b) ISO and Bank each can demand payment from such Guarantor without first seeking payment from the Merchant or any other Guarantor or from any security held by the Bank; and (c) such Guarantor will pay all court costs, attorney's fees, and collection costs incurred by either ISO or the Bank in connection with the enforcement of the Merchant Agreement or this Guaranty, whether or not there is a lawsuit, and such additional fees and costs as may be directed by a court. If the Merchant is a corporation or limited liability company, this Guaranty must be executed by a principal or affiliate of Merchant.

*See* **Ex. 1** at p. *3 (emphasis supplied).

21.     One year later, again via secure DocuSign, on April 3, 2025, as "Owner", Matthew Levenson signed (or initialed) the 2025 Contract at all relevant

instances, where signature was required on behalf of Moocho. *See* **Ex. 2** at pp. *3-7

(at "3. Bank Disclosure"; "4. Merchant Application and Agreement Acceptance";

"6. Corporate Resolution"; "II. Certification of Beneficial Owner(s)").

22.     Also via secure DocuSign, on April 3, 2025, Matthew Levenson signed

the "5. Continuing Personal Guarantee Provision – Personal Guarantor", which

provides as follows:

> By signing below, each ***individual*** or entity ("Guarantor") jointly and severally (if there is more than one Guarantor) and ***unconditionally guarantees to ISO and Bank the prompt payment and full and complete performance of all obligations of the Merchant identified above under the Merchant Agreement***, as amended from time to time, including, without limitation, all promises and covenants of the Merchant, and ***all amounts payable by the Merchant under the Merchant Agreement, including, without limitation, charges, interest, costs and other expenses, such as attorney's fees and court costs***. This means, among other things, that ISO or Bank can demand performance or payment from any Guarantor if the Merchant fails to perform any obligation or pay what the Merchant owes under the Merchant Agreement. Each Guarantor agrees that his or her liability under this guaranty will not be limited or canceled because: (1) the Merchant Agreement cannot be enforced against the Merchant for any reason, including, without limitation, bankruptcy proceedings; (2) either ISO or Bank agrees to changes or modifications to the Merchant Agreement, with or without notice to Guarantor; (3) ISO or Bank releases any other Guarantor or the Merchant from any obligation under the Merchant Agreement;(4) any law, regulation, or order of any public authority affects the rights of either ISO, Merchant, or Bank under the Merchant Agreement; and/or (5) anything else happens that may affect the rights of either ISO or Bank against the Merchant or any other Guarantor. Each Guarantor further agrees that: (a) ISO and Bank each may delay enforcing any of its rights under this Guaranty without losing such rights and hereby waives any applicable Statute of Limitations; (b) ISO and Bank each can demand payment from such Guarantor without first seeking payment from the Merchant or any other Guarantor or from any

security held by the Bank; and (c) such Guarantor will pay all court costs, attorney's fees, and collection costs incurred by either ISO or the Bank in connection with the enforcement of the Merchant Agreement or this Guaranty, whether or not there is a lawsuit, and such additional fees and costs as may be directed by a court. If the Merchant is a corporation or limited liability company, this Guaranty must be executed by a principal or affiliate of Merchant.

*See* **Ex. 2** at p. \*3 (emphasis supplied).

23.     By executing both Contracts, Moocho in each agreed to comply with Payarc's Terms and Conditions (the "Terms and Conditions"). A copy of the terms and conditions in effect as of February 2025 (*i.e.*, the form taking force and effect as of the time the 2025 Contract was executed in April) is attached hereto and made a part hereof as **Exhibit 3**.

24.     The Terms and Conditions define "Chargebacks" (the "Chargebacks"), and impose certain obligations in connection with their occurrence, upon the merchant, which in this case is Moocho.

25.     Upon information and belief, shortly after Moocho executed the 2025 Contract, Payarc learned that Moocho was operating in violation of the Terms and Conditions in respect to Chargebacks.

26.     Upon information and belief, Moocho has taken payments from customers without fulfillment of products and has then instructed those customers to recoup their funds through Chargebacks.

27.    Upon information and belief, the foregoing Chargebacks are in violation of policies promulgated by many payment card services, such as, *inter alia*, Visa.

28.    Both Contracts include provisions in which Moocho represented to Payarc that Moocho's "return policy" was that "no returns" were permitted, and that as a "gift card seller", "all sales are final". *See* **Ex. 1**, at p. *5; **Ex. 2** at p. *5. (response to "4." On "Schedule D- Moto/Internet Questionnaire").

29.    Upon information and belief, instructing customers to recoup funds already spent through Chargebacks is in breach of the representation confirmed in both Contracts at "4. Merchant Application and Acceptance, that "All information contained in this Merchant Application ("Application") is true, correct and complete as of the date of this Application", *see* **Ex. 1** at p. *#; **Ex. 2** at p. *3, as creating a functional method of effectuating returns, to the detriment of Plaintiff, despite having warranted that Moocho does not have a "return policy", and furthermore, in violation of the Terms and Conditions.

30.    Therefore, Defendants breached the Contracts with Plaintiff.

31.    Defendants owe Plaintiff the fees in connection with processing the credit card payments in the amount of $440,842.33 ("Balance").

32.    On or around July 30, 2025, Plaintiff mailed and emailed a demand letter ("Demand Letter") to Defendants, pursuant to the notice provisions of the

Contracts. A copy of the Demand Letter is attached hereto and made a part hereof as **Exhibit 4**.

33. On or around August 5, 2025, Levenson emailed Plaintiff's counsel requesting to schedule a phone call to discuss this matter.

34. On or around August 11, 2025, Levenson emailed Plaintiff's counsel to acknowledge their previous phone call and memorialize his proposal to cure the default.

35. Levenson's proposal included providing clear terms by August 25, 2025 to make payments towards the Balance. Plaintiff's counsel confirmed this was acceptable.

36. On or around August 26, 2025, Plaintiff's counsel emailed Levenson after not receiving any specific terms by the deadline, as promised, and Levenson responded by requesting another phone call. A copy of the relevant email chain is attached hereto and made a part hereof as **Exhibit 5**.

37. As of the date hereof, Defendants have not paid Plaintiff any portion of the amount owed.

38. Pursuant to the Contracts, Defendants are in default as having materially breached the payment obligations of the Contracts and have failed to cure such breach after written notice thereof.

## First Claim for Relief
Breach of Contract

39.     Each and every allegation at ¶¶1-38 is incorporated by reference and re-alleged as if fully restated herein.

40.     Plaintiff has at all times performed its obligations arising under the Contracts.

41.     To wit, Plaintiff processed credit card payments on behalf of Moocho pursuant to the terms of the Contracts.

42.     Defendants have failed to perform its obligations arising under the Contracts.

43.     To wit, Defendants failed to make payments to Plaintiff for processing the credit card payments.

44.     Defendants acknowledged the default, without Plaintiff waiving compliance.

45.     Defendants failed entirely to make payment and is in material breach of the Contracts.

46.     As a result of the foregoing, Plaintiff has been damaged in an amount subject ultimately to proof at trial but in any event not less than $440,842.33 based on direct damages in connection with the Contracts, and consequential damages resulting therefrom, plus attorney's fees, interest, and costs and disbursements.

## Second Claim for Relief
Unjust Enrichment

47.     Each and every allegation at ¶¶1-38 is incorporated by reference and re-alleged as if fully restated herein.

48.     Defendants have received the substantial benefit of the terms of the Contracts and have been unjustly enriched.

49.     Defendants, in equity and good conscience, should not be allowed to retain the substantial benefit Defendants received from Plaintiff as a result of the terms of the Contracts.

50.     As a result of the foregoing, Plaintiff has been damaged in an amount subject ultimately to proof at trial but in any event not less than $440,842.33 based on direct damages in connection with the Contracts, and consequential damages resulting therefrom, plus attorney's fees, interest, and costs and disbursements.

**WHEREFORE**, it is respectfully requested that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

a.  on the First Claim for Relief in the amount subject ultimately to proof at trial but in any event not less than $440,842.33, together with interest thereupon;

b.  on the Second Claim for Relief in the amount subject ultimately to proof at trial but in any event not less than $440,842.33, together with interest thereupon;

c.  Plaintiff's reasonable attorney's fees;

d.  the costs and disbursements of this action; and

e.  such other and further relief as this Court deems just and proper.

Dated:        Miami, Florida          **RIMON P.C.**
              October 1, 2025         Attorneys for plaintiff

                                      By: /s Ricardo A. Ampudia
                                      Ricardo A. Ampudia, Esq. B.C.S.
                                      Board-Certified Specialist in
                                      International Litigation and
                                      Arbitration
                                      Bar No. 124293
                                      Ricardo.ampudia@rimonlaw.com
                                      Rimon, P.C.

                                      333 SE 2nd Avenue, Suite 2000
                                      Miami, FL 33131
                                      (786) 930-4592

                                      Anthony C. Acampora
                                      100 Jericho Quadrangle, Suite 300
                                      Jericho, New York 11753
                                      (516) 479-6300
                                      anthony.acampora@rimonlaw.com
                                              * *PRO HAC FORTHCOMING*

                                      William W. Bergesch
                                      100 Jericho Quadrangle, Suite 300
                                      Jericho, New York 11753
                                      (516) 479-6300
                                      william.bergesch@rimonlaw.com
                                              * *PRO HAC FORTHCOMING*

                                      *Attorneys for Plaintiff Payarc LLC*