**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CIV-24526-RAR**

**PAYARC LLC**, *et al.,*

     Plaintiffs,

v.

**MOOCHO, INC.,**
*d/b/a* **PEPPER**, *et al.,*

     Defendants.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court *sua sponte*. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). In other words, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff alleges that subject matter jurisdiction exists under 28 U.S.C. section 1332. Compl., [ECF No. 1] ¶ 13. Under section 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Although Plaintiff seeks damages in excess of $75,000.00, *see id.*, Plaintiff sets forth insufficient allegations to show complete diversity of citizenship exists.

Plaintiff alleges that Plaintiff Payarc, LLC is a limited liability company existing under the laws of Delaware with its principal place of business in Greenwich, Connecticut. *Id*. at ¶ 10. These

jurisdictional allegations are insufficient.  "[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (alteration added).  Consequently, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  *Id.* (alterations added).

Thus, before the Court can assess whether diversity jurisdiction exists, Plaintiff must submit allegations or proof detailing the citizenship of each of Plaintiff Paryac LLC's members.  *See, e.g.*, *Criswell v. Convenience Stores, Inc.*, No. 5:08-CV-257, 2008 WL 4098946, at \*2 (M.D. Ga. Aug. 28, 2008) (requiring plaintiffs to "correct the deficient allegations of citizenship" where the jurisdictional allegations were "lacking").  Indeed, the citizenship of one member may destroy federal diversity jurisdiction if complete diversity of citizenship does not exist between Plaintiff, a limited liability company, and Defendant.  *See Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff shall file an amended complaint in compliance with this Order by no later than **October 6, 2025**.  Failure to do so will result in dismissal of the action without further notice.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of October, 2025.

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**